935 F.2d 271
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John W. STROTMAN, Plaintiff-Appellant,
v.
E.I. DuPONT DE NEMOURS & COMPANY, Aetna Life & Casualty, and
Hospital & Medical-Surgical Plan/E.I. DuPont De
Nemours & Company, Defendants-Appellees.
 No. 90-6153.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1991.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff John Strotman appeals the district court's summary judgment for defendants in this action to recover health insurance benefits provided by an ERISA[1]-covered employee benefit plan administered by Aetna Life & Casualty. We now affirm.
 
 
 2
 John Strotman's father, a retired DuPont employee, participated in DuPont's ERISA-covered health insurance plan for employees and their covered dependents. The written summary of the plan clearly stated that the employees' children were eligible for coverage only until they reached age 25. Although he received at least constructive notice of this policy provision, Strotman's father continued to pay premiums on his son's behalf even after Strotman reached 25. Strotman's father alleges that in doing so, he relied upon the plan administrators' past practice of giving policy holders three months' notice of any changes affecting dependents' coverage. DuPont and Aetna continued to bill Strotman's father for these premiums despite the fact that they had Strotman's birth date on file.
 
 
 3
 On November 28, 1986, Strotman underwent extensive medical treatment for accidental injuries. Aetna refused to reimburse Strotman for his medical expenses on the ground that Strotman was over age 25 and therefore no longer covered by the terms of the written plan. Strotman filed suit against DuPont and Aetna in state court, and defendants removed the action to federal district court. The district court granted summary judgment for the defendants on the ground that ERISA preempts Strotman's state-law claims. The district court did not address Strotman's ability to recover for any ERISA." Strotman contends on appeal that ERISA does not preempt his claim based upon the state-law doctrine of estoppel, or alternatively that he may recover under a federal common law doctrine of estoppel.
 
 
 4
 For the reasons so clearly articulated in the district court's memorandum opinion of July 31, 1990, we agree that ERISA preempts Strotman's state-law claims based upon estoppel doctrine. Moreover, because he failed below to allege any ERISA violation based upon federal common law, Strotman may not advance such a claim on appeal.
 
 
 5
 Accordingly, the district court's judgment is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Employee Retirement and Income Security Act of 1974, as amended, 29 U.S.C. Sec. 1001 et seq